JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-0598 AG (PLAx)** | Date | June 15, 2010 |
|---|---|---|---|
| Title | Citibank, N.A., etc. v. Francisco Mendoza | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**     **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Citibank, N.A., etc. ("Plaintiff") filed this case in state court for unlawful detainer.  Defendant Francisco Mendoza ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court.  For the reasons that follow, the Court REMANDS the case to state court.

**BACKGROUND**

Plaintiff's Complaint alleges the following.

Plaintiff purchased certain property and recorded a Trustee's Deed Upon Sale.  (Compl. ¶¶ 4-5.)  Despite Plaintiff's ownership, and despite Plaintiff sending Defendant a Notice to Vacate, Defendant is occupying the property "without permission of the Plaintiff and under no right of claim."  (Compl. ¶¶ 3-8.)  "The reasonable value for the use and occupancy of the property is $30.00 per day.  Plaintiff seeks damages in that amount from September 30, 2008 and for each day thereafter, until the date of Judgment herein."  (Compl. ¶ 9.)  Further, "Plaintiff is entitled to statutory damages of $600 in addition to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0598 AG (PLAx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | Citibank, N.A., etc. v. Francisco Mendoza | | |

actual damages . . . ." (Compl. ¶ 10.) Plaintiff prays for "restitution and possession of the property," $30 per day for use and occupancy of the property from September 30, 2008 until a judgment in this case, statutory damages of $600, and "such other and further relief as the Court may deem just and proper." (Compl., Prayer for Relief.) Moreover, in the Caption of the Complaint, Plaintiff states that the "amount demanded does not exceed $10,000." (Compl., Caption.)

Defendant's Notice of Removal seeks to invoke federal jurisdiction on grounds of both diversity and federal question jurisdiction. But Defendant fails to establish that removal is proper.

## ANALYSIS

In unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972).

Under 28 U.S.C. § 1441(a), defendants may remove to federal court "civil action[s] brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

### 1.     DIVERSITY JURISDICTION

Defendant fails to establish that removal is proper based on diversity jurisdiction. There are two reasons why this is so. First, he does not establish that the amount in controversy meets the jurisdictional threshold. Second, he does not allege Plaintiff's citizenship.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-0598 AG (PLAx)** | Date | June 15, 2010 |
|---|---|---|---|
| Title | Citibank, N.A., etc. v. Francisco Mendoza | | |

### 2.1 The Amount in Controversy

Congress has granted federal courts jurisdiction over civil cases between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). A party who removes a case on grounds of diversity jurisdiction has the burden of establishing that the amount in controversy meets the jurisdictional threshold. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). *Lowdermilk* and *Guglielmino* explained that, depending on the situation, a removing party must show either to a preponderance of the evidence or to a "legal certainty" that the jurisdictional threshold is met. *Lowdermilk*, 479 F.3d at 100; *Guglielmino*, 506 F.3d at 699-700.

Here, Defendant seeks to invoke diversity jurisdiction. Thus, Defendant bears the burden to establish that the amount in controversy threshold is met. The Court need not decide whether Defendant must meet that burden by a preponderance of the evidence or to a "legal certainty," because even under the less exacting preponderance of the evidence standard, Defendant fails to meet his burden.

This is an unlawful detainer case. Plaintiff alleges that the "amount demanded does not exceed $10,000." (Compl., Caption.) While Defendant alleges that "the amount in controversy exceeds $75,000.00," (Notice of Removal 2:17-21), he provides no explanation for how the amount in controversy requirement can be met in this unlawful detainer case that seeks very limited relief.

Nor can he. Based on the face of the Complaint and the Notice of Removal, it is clear that Plaintiff cannot recover $75,000.

Thus, Defendant fails to meet its burden of establishing an amount in controversy

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-0598 AG (PLAx)** | Date | June 15, 2010 |
|---|---|---|---|
| Title | Citibank, N.A., etc. v. Francisco Mendoza | | |

exceeding $75,000.  Accordingly, removal of this case is not proper on grounds of diversity jurisdiction.

### 2.2    The Parties' Citizenship

Removal is also not proper based on diversity jurisdiction for the separate reason that Defendant fails to allege the citizenship of the parties.

Diversity jurisdiction exists only over controversies between parties that are citizens of different states, or in other limited situations not applicable here.  28 U.S.C. § 1332(a).  "Failure to specify [a party's] state citizenship [is] fatal to [an] assertion of diversity jurisdiction."  *See Kanter v. Warner-Lamert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001).  Here, Defendant has failed to allege the citizenship of Plaintiff.  Thus, he fails to meet the citizenship requirement for invoking diversity jurisdiction.

Accordingly, removal on grounds of diversity jurisdiction is improper for this separate reason.

### 3.    FEDERAL QUESTION JURISDICTION

Defendant also fails to establish that removal is proper on grounds of federal question jurisdiction.

Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Thus, to remove a case from state to federal court based on federal question jurisdiction, a party must normally show that the Complaint arises under federal law.

Here, the Notice of Removal says, "[t]he grounds for such removal is being based on claims 'arising under' FEDERAL LAW[.] Namely, as to Federal Jurisdiction resulting

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0598 AG (PLAx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | Citibank, N.A., etc. v. Francisco Mendoza | | |

from the Moving Party's Discovery Request And Demands for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE', and as to identify the statutory Basis for the discovery request/demands and other claims." (Notice of Removal 2:1-5.) But Defendant does not contend that the Complaint actually asserts a federal claim, and a review of the Complaint shows that it does not assert such a claim. In fact, the Complaint asserts only a state claim for unlawful detainer. Thus, federal question jurisdiction over this case does not exist.

**CONCLUSION**

Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |